No. 851

First Circuit

———

BARDWELL v. PICKWICK GREYHOUND LINES, INC.

———

(October 7, 1931. Opinion and Decree.)

———

F. Otway Denny, of Hammond, attorney for plaintiff, appellee.

B. & M. Purser, of Amite, attorneys for defendant, appellant.

LeBLANC, J. Plaintiff, driver of a school transfer, sues the defendant bus line for damages for personal injuries and also to his school bus, arising out of a collision which occurred on the highway between Hammond and Covington, on December 10, 1929.

In his pleadings, he avers in effect that on the date mentioned, at about 8 o'clock in the morning, he was conveying a number of children to school; that he was driving south along a side road known as the Dalton Well road which intersects with the Hammond-Covington highway, which runs east and west; that, on reaching the intersection, he came to a stop before entering same; that, after he had turned into the highway and gone into the direction of Covington, which is east, some 75 or 80 feet, he was run into by one of the passenger busses of the defendant company, with the resulting damages and injuries for which he seeks to recover. His claim is for a total of $300, and, as the items do not seem to be disputed, it will be unnecessary to have to refer to them. He charges the driver of the bus with negligence in operating it at a careless, negligent, and excessive rate of speed.

The defendant's answer is practically a denial of all the allegations of plaintiff's petition and an averment to the effect that the damages suffered by him were caused solely and entirely by his own fault and gross negligence. The answer also contains a reconventional demand for damages to the bus in the sum of $150 and for a reimbursement of various sums which it alleges it had paid several of the children who were in the school bus at the time of the accident. These payments are itemized, and they amount to $959.20.

From a judgment in favor of the plaintiff for the full amount he demanded and rejecting its reconventional demand, the defendant has appealed.

The morning of the accident was very foggy; the road being hardly perceptible at a distance of more than 50 yards ahead; that of itself was a condition which required more than ordinary prudence on the part of an automobile driver. That the plaintiff was observing that care seems to be borne out by the fact, as appears from the testimony which is not contradicted, that he came to a full stop before entering the intersection of the Dalton Well road with the Covington-Hammond highway, and also that, as his bus took its course on the highway, in an easterly direction, he drove it at a very moderate rate of speed.

The passenger bus was traveling westward, and therefore in the opposite direction to that in which the school bus was going. Not long before the accident it had passed a log truck on the road, and as it neared the intersection of the Dalton Well road another such truck loomed in front of it.

The plaintiff charges that it was the bus driver's attempt to pass this last truck without looking to see if the road was clear ahead of him that caused the accident. On seeing the school bus, he realized that he could not pass ahead of the log truck, but it was too late for him to fall back of it again. In trying to swerve the bus around again, the rear end collided with the left front side of the school bus, causing the damage complained of. He also charges the bus driver with driving too fast under the atmospheric conditions that existed at the moment.

The bus driver contends that the collision occurred at or very near the intersection of the two roads, and that defendant ran into him because he did not take the necessary driving precaution in entering the main highway. He further maintains that he never intended to pass ahead of the log truck until after they would both have passed the intersection. The course of instruction which they take for six weeks before driving a passenger bus, he says, teaches them not to pass any vehicle at an intersection.

The only witness to the accident besides the drivers of the two vehicles was a man named Martin Thomas who works at a store situated just east of the intersection of the Dalton Well road with the main road, and about 30 feet from the center of the main road which it faces. He testifies that the collision occurred in front of him, and that he saw it all. He even saw the plaintiff's school bus as it emerged from the side road, and says that it came to a full stop before entering the intersection. That the collision did not take place at the intersection is borne out by his testimony; otherwise it would not have happened in front of him. His testimony, moreover, is clear and positive on the point that the driver of the passenger bus had attempted to get ahead of the log truck in front of him, and, on realizing that he could not do so, swerved back from the left to the right of the road, and in so doing struck the trailer of the log truck and the front end of the school bus which at the time occupied about the center of the highway. The testimony of this witness produces a preponderance of the evidence in favor of the plaintiff.

The act of the passenger bus driver in

attempting to pass the log truck without properly looking ahead for a clearance in which to safely pass was, in our opinion, the proximate cause of the accident. Besides constituting negligence on his part in failing to observe the usual and ordinary care required of him under the circumstances, it was a violation of one of the provisions of the state statute regulating the operation of motor vehicles of the highway. Section 15 (a) of Act 296 of 1928 requires of a driver that he "shall not drive to the left side of the center line of a highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of on-coming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety."

The heavy fog of the morning which no doubt impaired his visibility imposed a stricter degree of care on this bus driver in this respect, and he was correctly held at fault for the accident.

The ground on which we hold this defendant liable makes it unnecessary for us to comment on the case of Martens v. Penton, 15 La. App. 35, 130 So. 354, to which we are referred by counsel for defendant as authority for the reason that the accident in that case was strictly an intersectional one, and did not involve the question of an automobile attempting to overtake a vehicle traveling ahead of it.

The judgment of the lower court, being without any manifest error as we are able to find, is affirmed.